IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ESTANCIAS DE CERRO MAR, INC., <br><br> Plaintiff, <br><br> v. <br><br> PUERTO RICO AQUEDUCT AND SEWER AUTHORITY, et al., <br><br> Defendants. | CIVIL NO. 20-1664 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

This case arises out of the Puerto Rico Aqueduct and Sewer Authority's ("PRASA") refusal to accept the transfer of Plaintiff Estancias de Cerro Mar, Inc.'s ("Plaintiff" or "Estancias") water pump station. As a result of this refusal, Plaintiff filed suit in federal court pursuant to 42 U.S.C. §1983 ("§1983") and the Federal Declaratory Judgment Act, 28 U.S.C. §2201, against PRASA and the Secretary of the Puerto Rico Department of Housing, Mr. William Rodríguez-Rodríguez ("Mr. Rodríguez") (collectively "Defendants"). (Docket No. 72).[1] Plaintiff claims Defendants have violated the Due Process Clause, the Equal Protection of the Law Clause, and the Takings Clause, as well as incurred in unjust enrichment, and seeks declaratory and injunctive relief. Id.

Before the Court is PRASA's "Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)" ("Motion to Dismiss"). (Docket No. 83). For the reasons set forth

---

[1] On July 31, 2023, Plaintiff filed an Amended Complaint. (Docket No. 72). This Amended Complaint constitutes the official complaint of the case and will be treated as such pursuant to Federal Rule of Civil Procedure 15(a)(2).

Case 3:20-cv-01664-CVR   Document 122   Filed 11/17/23   Page 2 of 11

Estancias de Cerro Mar, Inc. v. Puerto Rico Aqueduct and Sewer Authority, et al.
Opinion and Order
Civil No. 20-1664 (CVR)
Page 2
_____

below, the Court finds that Plaintiff has presented an actionable claim under Rule 12(b)(6). Accordingly, PRASA's Motion to Dismiss is hereby DENIED.

## RELEVANT FACTUAL BACKGROUND[2]

Plaintiff filed its original complaint on November 21, 2020, alleging both federal and state law claims against PRASA. (Docket No. 1). PRASA then filed its first Motion to Dismiss (Docket No. 9) requesting Plaintiff's claims be dismissed for failure to exhaust state remedies and procedures, and for failure to properly state cognizable takings and equal protection claims. Id. at p. 14-16.

On September 1, 2021, the Court ruled on PRASA's first Motion to Dismiss (Docket No. 16). The Court partially denied PRASA's motion, finding that Plaintiff did not need to exhaust state remedies when presenting a §1983 due process claims, but refused to address PRASA's takings claim argument, finding that it was not properly developed. (Docket No. 72 at pp. 5-7). However, the Court dismissed Plaintiff's equal protection claim without prejudice, finding that Plaintiff and Villa Alegría (another residential housing project, whose private pump station was effectively transferred to PRASA) were not similarly situated. Id. at pp. 8-9.

On July 31, 2023, Plaintiff filed an Amended Complaint including, for the first time, Mr. Rodríguez as a Co-defendant,[3] but otherwise presenting more detailed allegations for the same causes of action. (Docket No. 72). PRASA filed the current Motion to Dismiss a month and a half later, on September 14, 2023. (Docket No. 83).

---

[2] The facts stated herein are limited to those relevant to the issues discussed in this Opinion and Order. The Court refers the parties to its Opinions and Orders at Docket Nos. 16 and 119 for a more detailed retelling of the factual background of this case.

[3] The claims against Mr. Rodríguez were dismissed on November 15, 2023. (Docket No. 119).

PRASA posits that Plaintiff has failed to exhaust the proper state remedies prior to presenting its §1983 claim[4], and that Plaintiff has not made a plausible equal protection claim. Id. at pp. 22-24. PRASA also asserts that Plaintiff has not properly drafted its takings claim. A such, PRASA requests dismissal of these three claims.

On October 18, 2023, Plaintiff filed its Opposition, alleging that PRASA is merely rehashing past arguments that the Court has already ruled upon, and arguing that its Amended Complaint cured the defects of the equal protection claim previously dismissed by the Court without prejudice. Id. at p. 11.

## LEGAL STANDARD

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), the court are required to take the facts alleged in the complaint as true, "draw[ing] all inferences in the pleader's favor." Cebollero-Bertrán v. Puerto Rico Aqueduct and Sewer Authority, 4 F.4th 63, 69 (1st Cir. 2021) (citing Sepúlveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010)). In a Rule 12(b)(6) motion, "the propriety of dismissal . . . turns on the complaint's compliance with Rule 8(a)(2)" of the Federal Rules of Civil Procedure, which requires "that every complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 8 (1st Cir. 2011) (citing Fed.R.Civ.P. 8(a)(2)). "Threadbare recitals of a cause of action's elements, supported by mere conclusory statements" do not meet the plausibility threshold that obliges the Court to take them as true. Ashcroft v. Iqbal, 556 U.S. 663, 678, 129 S.Ct. 1940 (2009) (citing Bell Atlantic Corp.

---

[4] Id. at pp. 9-18.

Case 3:20-cv-01664-CVR   Document 122   Filed 11/17/23   Page 4 of 11

Estancias de Cerro Mar, Inc. v. Puerto Rico Aqueduct and Sewer Authority, et al.
Opinion and Order
Civil No. 20-1664 (CVR)
Page 4
_____

v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).

Under this standard, a plaintiff's complaint cannot simply be speculative in nature, but rather "must itself frame a viable constitutional claim." Morales Tañón v. Puerto Rico Elec. Power Auth., 524 F.3d 15, 18 (1st Cir. 2008). See also Ocasio-Hernández, 640 F.3d at 8 ("A complaint only 'shows' an entitlement to relief if its factual allegations are 'enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even in doubtful in fact).'" (citing Twombly, 550 U.S. at 555, 127 S.Ct. 1955)). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft, 556 U.S. at 664, 129 S.Ct. 1940.

## LEGAL ANALYSIS

### A. Due Process Claim pursuant to §1983.

PRASA posits that Plaintiff's §1983 due process claim should be dismissed for failure to exhaust the proper state remedies and procedures. (Docket No. 83 at pp. 9-18). However, Plaintiff argues that, as already considered, and dismissed by the Court in its prior Opinion and Order, the failure to exhaust state remedies requirement does not apply to §1983 suits brought under the Takings Clause of the Fifth Amendment. (Docket No. 16 at 6-7). The Court agrees.

The Supreme Court in Knick v. Township of Scott, Pennsylvania, ___ U.S. ___, 139 S.Ct. 2162 (2019), overturned Williamson County Regional Planning Com'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 105 S.Ct. 3108 (1985), and categorically held that when a government taking has occurred, "a property owner may bring a Fifth Amendment claim under §1983 at that time", without having to first exhaust state remedies. Knick,

Case 3:20-cv-01664-CVR   Document 122   Filed 11/17/23   Page 5 of 11

Estancias de Cerro Mar, Inc. v. Puerto Rico Aqueduct and Sewer Authority, et al.
Opinion and Order
Civil No. 20-1664 (CVR)
Page 5
_____

__ U.S. __, 139 S.Ct. at 2177, 2179. This ruling was upheld in Pakdel v. City and County of San Francisco, California, 594 U.S. __, 141 S.Ct. 2226, 2231 (2021) ("[A]dministrative 'exhaustion of state remedies' is not a prerequisite for a takings claim when the government has reached a conclusive position." (citing Knick, __ U.S. __, 139 S.Ct. at 2167)).[5] Though PRASA attempts to embellish its argument with pages upon pages of discussion,[6] it does not add anything substantial enough to convince the Court to change its prior decision. PRASA's theory is no more than a mere revival of the argument the Court already rejected in its prior Opinion and Order. (Docket No. 16 at 6-7).

Therefore, the Court finds no reason to revisit at this time an argument that was already properly denied.

**B. Takings Clause Claim.**

Plaintiff alleges that PRASA's refusal to accept the transfer of Estancias' pump station constitutes a physical taking pursuant to the Fifth Amendment because it has "deprived [Plaintiff] of all economically beneficial use of its property [Estancias' pump station]." (Docket No. 72 at p. 26). Nonetheless, PRASA argues that Plaintiff's takings claim was not "properly drafted." (Docket No. 83 at pp. 20). It posits that Plaintiff erroneously presented its takings claims as a physical taking to be analyzed pursuant to

---

[5] See also, Canóvanas Urban Development, Inc. v. Municipality of Canóvanas, Civil No. 20-1487 (MDM), 2023 WL 2744653 at *5 (D.P.R. March 31, 2023) ("[T]he exhaustion of state remedies, namely availing oneself of the remedies guaranteed by State law is no longer a prerequisite to filing an action under §1983 in federal court." (citing Knick, __ U.S. __, 139 S.Ct. at 2167)).

[6] PRASA dedicated an unnecessary number of pages to discuss the difference between procedural and substantive due process, without citing to proper legal authority. (Docket No. 83 at pp. 9-13). Local Rule 7(a) specifically requires that "all matters to be submitted for consideration by the court shall be presented by written motion file with the clerk, incorporating a memorandum of law as appropriate, **including citations and supporting authorities**." Local Rule 7 (a) (emphasis added). This Court has previously pointed out that the "Local Rules are designed to be followed not to be disregarded causing unequal treatment amongst litigants, and further punishing the diligent and rewarding the non-complying parties." United States v. Pérez-Velázquez, 488 F.Supp.2d 82, 86 (D.P.R. 2007); La Carpa Corp. v. Baer, Civil No. 09-2014 (DRD), 2010 WL 3955813, at * 1 (D.P.R. Sept. 30, 2010). As such, the Court expects the parties to exercise diligence and strictly comply with the Local Rules moving forward.

the *per se* rules, when instead the claim should be considered under an *ad hoc* analysis typically used in regulatory takings. Id. at 20-21. Therefore, PRASA maintains that Plaintiff "fails to state a plausible claim against PRASA under the takings clause" and, thus, warrants dismissal. Id. at pp. 22. The Court disagrees.

At this stage of the proceedings, the Court need not decide whether Plaintiff's allegation constitutes a physical or regulatory taking, but rather if the Plaintiff's allegations, taken as true and drawing all reasonable inferences in its favor, "state a claim for relief under" the Takings Clause. Guerrero-Lasparilla v. Barr, 589 U.S. ___, 140 S.Ct. 1062, 1068 (2020). To this end, Plaintiff's Complaint will survive dismissal so long as "its factual allegations are 'enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if only doubtful in fact).'" Ocasio-Hernández, 640 F.3d at 8 (citing Twombly, 550 U.S. at 557, 127 S.Ct. 1955).

The Takings Clause of the Fifth Amendment bars the government from taking private property for public use without just compensation. U.S. Const. amend. V; Maine Educ. Ass'n. Benefits Trust v. Cioppa, 695 F,3d 145, 152 (1st Cir. 2012). The text of this clause "'is designed not to limit the governmental interference with property right *per se*, but rather to secure compensation in the event of otherwise proper interference amounting to a taking.'" Lingle v. Chevron U.S.A. Inc., 544 U.S. 528, 537, 125 S.Ct. 2074 (2005) (citing First English Evangelical Lutheran Church of Glendale v. County of Los Angeles, 482 U.S. 304, 314, 107 S.Ct. 2378 (1987)). In other words, it looks to "protect[] 'private property' without any distinction between different types." Horne v. Dep't of Agriculture, 576 U.S. 350, 358 (2015). Furthermore, this prohibition applies to both "the

Case 3:20-cv-01664-CVR   Document 122   Filed 11/17/23   Page 7 of 11

Estancias de Cerro Mar, Inc. v. Puerto Rico Aqueduct and Sewer Authority, et al.
Opinion and Order
Civil No. 20-1664 (CVR)
Page 7
_____

paradigmatic physical taking—i.e., where the government condemns or physically appropriates a person's property—but also to regulatory interferences, which transpire 'when some significant restriction is placed upon an owner's use of his property for which "justice and fairness" require that compensation be given." Cioppa, 695 F.3d at 152.

To determine whether a takings claim has been properly brought within the meaning of the Fifth Amendment involves "a two-step inquiry." Asoc. De Suscripción Conjunta Del Seguro de Resp. Obligatorio v. Flores Galarza, 484 F.3d 1, 27 (1st Cir. 2007). First, "'the plaintiffs must first show that they possess a recognized property interest which may be protected by the Fifth Amendment.'" Id. (quoting Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 973 (1st Cir. 1993)). To this end, "'plaintiffs must point to credible sources for their claimed property interest . . . such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" Id. (internal quotations omitted). Once the plaintiffs have "establish[ed] a constitutionally protected property interest, [they] must next show that the challenged action 'caused an illegal taking of that interest.'" Wash. Legal Found., 993 F.2d at 974.

In Plaintiff's Amended Complaint, it alleges that its pump station "complied and was certified as having met the design and construction requirements according to PRASA's *Rules and Regulations for the Design Standards* (Docket No.72 at pp. 4), which approved the plans and oversaw the construction. (Docket No. 72 at p. 9). Despite its compliance, Plaintiff maintains that PRASA's use of arbitrary and ever-changing requirements to continuously refuse the transfer of Estancias' pump station, as well as its unilateral decision to connect more properties to that pump station, amounts to a taking because it has forced Plaintiff "to subsidize PRASA's inherently public operations"

without providing Plaintiff with any just compensation whilst "charging the connected citizens for the services provided by Estancias." Id. at p. 25-26.

Plaintiff also avers that PRASA's arbitrary actions have both physically and economically deprived Plaintiff of all beneficial use of its property, especially because the maintenance required to sustain the additional connections to Estancias' pump station have caused it to become insolvent and be at risk of violating the Clean Water Act. (Docket No. 72 at p. 23 and 27).

The Court finds that, taken at face value, these claims are sufficient to meet the plausibility standard set forth in Federal Rule of Civil Procedure 8(a)(2) and, therefore, survive dismissal. Thus, the Court denies dismissal of this claim.

**C. Equal Protection of the Laws Claim.**

PRASA's final argument for dismissal centers on Plaintiff's equal protection claim. (Docket No. 83 at pp. 22-24). PRASA posits the following theory: since Plaintiff's equal protection claim is not premised on a suspect class or a fundamental right, it must be viewed pursuant to the rational basis review standard. PRASA "would likely satisfy" this standard because its regulations seek a legitimate government interest. Thus, PRASA argues that Plaintiff's equal protection claim must necessarily fail. Id. at pp. 23-24.

Plaintiff, on the other hand, contends that "PRASA states the wrong standard for alleging the differential treatment element." (Docket No. 105 at p. 13). Plaintiff maintains that PRASA once again mistakenly bypasses the initial sufficiency of the pleadings inquiry to argue that Plaintiff's claim fails on the merits because it does not meet the required standard. Id. at 14. Furthermore, Plaintiff proffers that the Amended Complaint cures the defect pointed out by this Court in its previous Opinion and Order, (Docket No. 16 at

pp. 7-9), thereby meeting the plausibility standard. The Court agrees with Plaintiff.

The Court reiterates that, at the motion to dismiss stage, the Court needs only determine whether the claim is plausible under Rule 8(a)(2), not whether PRASA has categorically violated Plaintiff's right to equal protection of the laws. Thus, PRASA's argument on the merits is not something the Court will entertain at present. The Court at this point in the proceedings, must only decide whether Plaintiff's equal protection claim is plausible under Rule 8(a)(2).[7]

The Equal Protection Clause of the Fourteenth Amendment requires "similarly situated entities must be accorded similar governmental treatment." Barrington Cove Ltd. P'ship v. Rhode Island Housing and Mortg. Fin. Corp., 246 F.3d 1, 7 (1st Cir. 2001) (citing City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439-40, 105 S.Ct. 3249 (1985)). An entity successfully establishes a plausible equal protection violation when it "shows by [its] well-pleaded facts that she was treated differently from 'others similarly situated . . . based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" Clark v. Boscher, 514 F.3d 107, 114 (1st Cir. 2008) (quoting Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 57 (1st Cir. 2006)). In other words, an equal protection claim may proceed "when—and only when—a 'plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" Cordi-Allen v. Conlon, 494 F.3d 245, 250 (1st Cir. 2007) (quoting Vill. Of Willowbrook v. Ollech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000)).

---

[7] See Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 68 (1st Cir. 2004) (holding that in civil rights actions, the plaintiff need not meet a heightened pleading standard, but rather must simply comply with Rule 8(a)(2)'s minimal "who did what to whom, when, where, and why" requirements.").

The similarly situated analysis in the context of an equal protection analysis "is not always susceptible to precise demarcation." Barrington Cove, 246 F.3d at 8 (citing Coyne v. City of Sommerville, 972 F.2d 440, 444-45 (1st Cir. 1992)). For this reason, the First Circuit precedent established the following test:

> [T]he test is whether a prudent person, looking objectively at the incidents, would think them roughly equivalent and the protagonists similarly situated. Much as in the lawyer's art of distinguishing cases, the 'relevant aspects' are those factual elements which determine whether reason analogy supports, or demands, a like result. Exact correlation is neither likely no necessary, but the cases must be fair congeners. In other words, apples should be compared to apples.

Barrington Cove, 246 F.3d at 6 (quoting Dartmouth Review v. Dartmouth Coll., 889 F,2d 13, 19 (1st Cir. 1989)); Tapalian v. Tusino, 377 F.3d 1, 6 (1st Cir. 2004); Norton v. Autoridad de Acueductos y Alcantarillados, 898 F.Supp.2d 396. 405-06 (D.P.R. 2012). Furthermore, it is the plaintiff who "bears the burden of showing that the individuals with whom he seeks to be compared 'have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.'" Rodríguez-Cuervos v. Wal-Mart Store, Inc., 151 F.3d a5, 21 (1st Cir. 1999) (quoting Mitchell v. Toledo Hosp., 946 F.2d 577, 583 (6th Cir. 1992)).

In the present case, Plaintiff contends that both Estancia's and Villa Alegría's pump stations are similarly situated because "the PRASA standards, policies, and rules that applied for evaluating, inspecting, approving, accepting, and transferring the[se] pump stations" are equally applicable to both. (Docket No. 72 at p. 20). In other words, "[b]oth pump stations were subject to the same PRASA design regulations and processes for inspection", both were built according to those design standards, both were constructed

under PRASA's supervision, and "both were built as private pump stations, meaning not constructed by PRASA and not initially owned or operated by PRASA." (Docket No. 72 at pp. 9-10, 19-20, 29-31). Plaintiff also argues that, both pump stations were "approved by PRASA as having complied" with PRASA's design standards and requirements. Id. at p. 20. Despite this, PRASA only accepted the transfer of Villa Alegría's pump station but has consistently refused to accept the transfer of Estancia's pump station. Id. It also claims that PRASA's decision to arbitrarily deny the transfer of Estancia's pump station was motivated by PRASA's desire to "force Estancias to subsidize PRASA's operations in the Cerro Gordo Ward." Id. at p. 30; (Docket No. 105 at p. 12).

Viewing these allegations in the light most favorable to the Plaintiff, the Court finds that Plaintiff has successfully stated a plausible claim for relief under the Equal Protection Clause, at this juncture. Thus, dismissal of this claim is improper.

## CONCLUSION

For the foregoing reasons, PRASA's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is DENIED. (Docket No. 83).

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 17th day of November 2023.

                                          S/CAMILLE L. VELEZ-RIVE
                                          CAMILLE L. VELEZ-RIVE
                                          UNITED STATES DISTRICT JUDGE