IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ESTANCIAS DE CERRO MAR, INC.,

Plaintiff,

v.

PUERTO RICO AQUEDUCT AND SEWER
AUTHORITY, et al.,

Defendants.

CIVIL NO. 20-1664 (CVR)

## OPINION AND ORDER

### INTRODUCTION

On November 21, 2020, Plaintiff Estancias de Cerro Mar ("Plaintiff" or "Estancias") filed the present case seeking declaratory and injunctive relief, averring that Defendants Puerto Rico Aqueduct and Sewer Authority ("PRASA") and its President, Doriel Pagán Crespo, ("Defendants") violated its constitutional rights.  The allegations include claims of a taking of Plaintiff's property without just compensation, as well as due process and equal protection violations in the operation and maintenance of a wastewater pump station in a residential development in Vega Alta, Puerto Rico.[1]  Plaintiff also brings forth an unjust enrichment claim and seeks damages due to Defendants' actions.[2]

Almost three (3) years later, in October 2023, Estancias filed a "Motion and Memorandum in Support of Request for Preliminary Injunction" asking the Court to grant it relief *pendente lite* and order PRASA to take over the operation and maintenance

---

[1] The Court's Opinions at Docket Nos. 119 and 122 contain a more thorough summary of the allegations in this case.

[2] Estancias later amended the Complaint to add other parties to the case, but the claims were ultimately dismissed by the Court.  (Docket Nos. 72 and 121).

Estancias de Cerro Mar, Inc. v. Puerto Rico Aqueduct and Sewer Authority, et al.
Opinion and Order
Civil 20-1664 (CVR)
Page 2
_____

of the wastewater pump station in question, including payment of the electric bills, during the remainder of this case.  Estancias argues that PRASA has taken its property without just compensation by imposing on Estancias the forced operation and subsidy of the pump station at a cost of several million dollars leading it to insolvency, a situation which has also exposed it to penalties from the Environmental Protection Agency ("EPA"). Plaintiff's position is that it meets the four requirements for a preliminary injunction and contends its predicament would be temporarily ameliorated if the Court were to issue the injunction ordering PRASA to run and maintain the pump station until the end of the case.  (Docket No. 99).

Defendants oppose the request, arguing that Plaintiff's claims cannot prosper because they are time-barred, and it is not likely to succeed on the merits of its due process or taking arguments.  They further argue that Estancias also fails to meet the irreparable harm prong of the preliminary injunction analysis because it alleges economic harm, which can be remedied through compensatory damages.  (Docket No. 133).

For the reasons explained below, the Court hereby DENIES Plaintiff's petition for injunctive relief.

## STANDARD

A preliminary injunction is an extraordinary form of relief which may be granted when four elements are met, to wit, 1) the movant is likely to succeed on the merits of the case; 2) the movant will suffer irreparable harm in the absence of an injunction; 3) the balance of equities tips in the movant's favor, and 4) the injunction is in the public interest.  Brox v. Woods Hole, Martha's Vineyard & Nantucket S.S. Auth., 83 F.4th 87, 91 (1st Cir. 2023); Boston Duck Tours, LP v. Super Duck Tours, LLC, 531 F.3d 1, 11 (1st Cir.

2008).  The first two factors, likelihood of success and irreparable harm, are the most important in the calculus, and irreparable harm is an essential prerequisite for a grant of injunctive relief.  See Gately v. Commonwealth of Mass., 2 F.3d 1221, 1232 (1st Cir. 1993) (finding that "a federal court cannot dispense with the irreparable harm requirement in affording injunctive relief"); Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506–07, 79 S.Ct. 948, 954 (1959) ("[t]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies").

A district court has "broad discretion to evaluate the irreparability of alleged harm and to make determinations regarding the propriety of injunctive relief."  K-Mart Corp. v. Oriental Plaza, Inc., 875 F.2d 907, 915 (1st Cir. 1989).  It is well settled that irreparable harm consists of "a substantial injury that is not accurately measurable or adequately compensable by money damages." Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 217 F.3d 8, 13 (1st Cir. 2000) (quoting Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 19 (1st Cir. 1996) ("Ross-Simons I")); see also K-Mart Corp., 875 F.2d at 914 (a necessary element of irreparable harm is the inadequacy of traditional legal remedies). The burden of demonstrating that a denial of relief requested will cause irreparable harm rests squarely upon the movant.  See Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151 (1st Cir. 2004).

**LEGAL ANALYSIS**

Plaintiff seeks declaratory and injunctive relief, arguing it meets the four criteria for a preliminary injunction.  It has been readily established, however, that failure to meet one prong of the four-part test will entail denial of the petition for injunctive relief. Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991); González-Droz v.

Estancias de Cerro Mar, Inc. v. Puerto Rico Aqueduct and Sewer Authority, et al.
Opinion and Order
Civil 20-1664 (CVR)
Page 4
_____

González-Colón, 573 F.3d 75, 79 (1st Cir. 2009) (affirming denial of preliminary injunction because movant failed to establish irreparable injury, a required element).

The Court's analysis begins and ends quickly, as it finds Plaintiff has failed to show it will suffer irreparable harm absent the injunction.

At the outset, the Court must mention that Estancias is correct in stating that certain constitutional violations are more likely to bring about irreparable harm than others. (Docket No. 99, p. 23). Nonetheless, this status has been generally reserved for "infringements of free speech, association, privacy or other rights as to which temporary deprivation is viewed of such qualitative importance as to be irremediable by any subsequent relief." Pub. Serv. Co. of New Hampshire v. West Newbury, 835 F.2d 380, 382 (1st Cir. 1987). Based on this, the Court cannot categorically say that violations of Plaintiff's due process and equal protection claims in this case will automatically result in irreparable harm. Vaquería Tres Monjitas, Inc. v. Irizarry, 587 F.3d 464, 484 (1st Cir. 2009). As stated above, it is Plaintiff's burden at this juncture to prove it will suffer irreparable harm absent relief from the Court.

On the contrary, Plaintiff centers its harm analysis around a damages/money argument. Plaintiff, in trying to demonstrate irreparable harm, proffers the following, among others:

> Estancias has subsidized PRASA's operations, resulting in undercutting and depleting its own funds which has led to insolvency... Because of the years PRASA has forced Estancias to operate the Estancias Pump Station, depleting Estancias' private funds, Estancias' precarious position is such that on occasions it has been unable to cover the pump station electric costs, causing the Puerto Rico Electric Power Authority to cut off electric power to the same. As a result of Estancias' economic state and given that no current contract exists for the connections of Villa Alegría residences, Estancias must disconnect those units from Estancias Pump Station unless PRASA

assumes the operation and maintenance of the pump station...If it continues to provide at its own cost wastewater services that PRASA normally provides, it will inevitably run out of funds completely to continue operating, which would essentially lead to a 'disconnection' of all units and other PRASA infrastructure connected to the pump station.

(Docket No. 99, pp. 23-25).

Thus, Plaintiff's argument boils down to a money and loss of income argument. This is insufficient for the Court to conclude the harm in this case is irreparable, as it has long been held that traditional economic damages that can be remedied by compensatory awards do not rise to the level of being irreparable.  See K-Mart Corp., 875 F.2d at 914; see also Ginzburg v. Martinez-Dávila, 368 F.Supp.3d 343, 349 (D.P.R.  2019) (economic harm alone is not sufficient to constitute irreparable harm); Mass. Correction Officers Federated Union v. Baker, 567 F.Supp.3d 315, 327 (D. Mass. 2021) (monetary injury "does not constitute irreparable harm"); New England Surfaces v. E.I. DuPont de Nemours & Co., No. 06-CV-89-P-S, 2006 WL 1554776, at *5 (D. Me. June 1, 2006) (very substantial, yet quantifiable damages do not qualify as irreparable harm).

Not dissuaded, Estancias argues in support of its position that some economic losses can be deemed irreparable.  The cases that so found, however, are quite limited in their holdings.  For instance, it is true that a narrow exception exists "where the potential economic loss is so great as to threaten the existence of the movant's business." Vaquería Tres Monjitas, 587 F.3d at 485 (quoting Performance Unlimited, Inc. v. Questar Publishers, Inc., 52 F.3d 1373, 1382 (6th Cir. 1995) (loss of a movant's business may constitute irreparable injury, but injunctive relief not appropriate where the harm to the movant is strictly financial); Ross-Simons I, 102 F.3d at 19 (irreparable harm requirement may be met upon a showing that the movant would lose "incalculable revenues and

Estancias de Cerro Mar, Inc. v. Puerto Rico Aqueduct and Sewer Authority, et al.
Opinion and Order
Civil 20-1664 (CVR)
Page 6
_____

sustain harm to its goodwill"); Automatic Radio Mfg. Co. v. Ford Motor Co., 390 F.2d 113, 116–17 (1st Cir. 1968) (inability to supply a full line of products may irreparably harm a merchant by shifting purchasers to other suppliers); but see Puerto Rico Hosp. Supply, Inc. v. Boston Scientific Corp., 426 F.3d 503, 507 (1st Cir. 2005) (lost profits, business impact, and loss of employees not irreparable because later-issued damages can properly compensate any wrong committed).

However, all these cases deal with *businesses* and the harm that could come to them from other competing businesses.  That is not the situation in the present case, where the issue arises from a developer's private construction and private ownership of a pump station, that is challenging a state regulatory agency's decision regarding that station.  Estancias has no other "competing businesses" in the wastewater pump market, and thus, there is no injury to it for "loss of business" or "loss of goodwill" as in the cases it cites to, simply because Estancias is not a business that competes in the pump market with others.  See K-Mart Corp., 875 F.2d at 915 ("harm to goodwill, like harm to reputation, is the type of harm not readily measurable or fully compensable in damages - and for that reason, more likely to be found 'irreparable'").  Consequently, the Court finds that this limited exception is inapplicable to Estancias.

Additionally, and as discussed above, it has long been held that to establish irreparable harm, a movant must simply show that its legal remedies are inadequate, and "need not demonstrate that the denial of injunctive relief will be fatal to its business." Ross-Simons I, 102 F.3d at 15; Foxboro Co. v. Arabian Am. Oil Co., 805 F.2d 34, 36 (1st Cir. 1986) (injury will only be considered irreparable if no adequate remedy for the injury exists at law).  Plaintiff concentrated its argument on the economic impact of Defendants'

Estancias de Cerro Mar, Inc. v. Puerto Rico Aqueduct and Sewer Authority, et al.
Opinion and Order
Civil 20-1664 (CVR)
Page 7
_____

actions, but has likewise not shown that the existing remedies are inadequate.

Finally, the Court's decision today is also heavily guided by the history of this case. To succeed on its irreparable harm argument, a movant "must demonstrate an injury that is actual and imminent." Betteroads Asphalt, LLC v. FirstBank Puerto Rico, No. 19-2019 (DRD), 2020 WL 3125274, at *9 (D.P.R. June 12, 2020) (quoting In re: Catholic Sch. Employees Pension Tr., 2018 WL 1577704, at *4 (Bankr. D.P.R. Mar. 28, 2018); Puerto Rico Conservation Found. v. Larson, 797 F.Supp.1066, 1071 (D.P.R. 1992); Mass. Coalition of Citizens v. Civil Defense Agency, 649 F.2d 71, 74 (1st Cir. 1981). Evidencing some "possibility of irreparable injury" fails to satisfy the irreparable harm element. Nken v. Holder, 556 U.S. 418, 434-35, 129 S.Ct. 1749, 1761 (2009).

This case was filed in November 2020. The Complaint asked for injunctive relief in general terms as part of the general pleadings and without any discussion of the merits of said petition. An injunction was not formally sought until October 2023, *almost three (3) years later.* (Docket No. 99). From the beginning of this case Plaintiff has cried foul, arguing it had financial difficulties and was on the verge of bankruptcy, but a letter as far back as November 2013, *over ten (10) years ago*, shows that Plaintiff was already hanging this sword over Defendants' heads.[3]

The Court finds that Plaintiff's delay in seeking a preliminary injunction for three (3) years certainly militates against a finding of irreparable harm at this juncture, because the very idea of injunctive relief is premised on the need for speedy and urgent action to

---

[3] In a letter dated November 6, 2013, legal counsel for Plaintiff wrote to PRASA and indicated that "[a]t this point in time, the Developer [Estancias de Cerro Mar] is suffering serious economic hardship and its limited economic capacity restrains its ability to incur in the expenses required by the Authority", and requested that PRASA accept the Pump Station at that time "as is". Plaintiff's counsel also indicated that "[t]he Developer understands that unless the Authority accepts the [Pump] Station, the Developer will have no other option than to file for bankruptcy given its precarious situation." (See Docket No. 133, Exhibit 12, p. 2).

protect a party's rights until a case can be resolved on its merits.  Univ. of Tex. v. Camenisch, 451 U.S. 390, 395, 101 S.Ct. 1830, 1834 (1981).

Plaintiff's argument that the "impossible choice"[4] of whether to continue operating the pump and aggravate its economic status or face EPA's fines constitutes irreparable harm likewise finds no support on this record, for the same reason.  A cursory review of the docket reveals that the EPA first notified Estancias of violations to the Clean Water Act related to the pump's condition in April 2015, *over eight (8) years ago*.  (Docket No. 133, Exhibit 15).  A three (3) year delay in seeking injunctive relief after the filing of this case implies a lack of urgency and certainly undermines Plaintiff's position.  As far as the Court can tell, the circumstances of this case have remained unchanged since its inception.  As such, the Court is unconvinced of Plaintiff's urgency at this stage of the proceedings.

In sum, the Court finds that Estancias has failed to demonstrate it will suffer irreparable harm absent a preliminary injunction and has therefore not met its burden of establishing that injunctive relief should be granted in its favor.

## CONCLUSION

For the foregoing reasons, Plaintiff's "Motion and Memorandum in Support of Request For Preliminary Injunction" is DENIED.  (Docket No. 99).

The Court believes this case will be ripe for a settlement conference at the conclusion of the discovery on January 31, 2024, and will refer the same to a Magistrate Judge via a separate Order.

---

[4] (Docket No. 99, p. 26).

Estancias de Cerro Mar, Inc. v. Puerto Rico Aqueduct and Sewer Authority, et al.
Opinion and Order
Civil 20-1664 (CVR)
Page 9
_____

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 23rd day of January 2024.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
UNITED STATES DISTRICT JUDGE